ORDERED.

Dated: March 25, 2019

_____
Roberta A. Colton
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:                                                                    Case No. 8:19-bk-00786-RCT
                                                                                 Chapter 7
Herbert L. Schimkus
Patricia A. Schimkus,

        Debtor(s).
_____/

**ORDER APPROVING RETENTION OF BK GLOBAL REAL
ESTATE SERVICES AND HUNT REALTY GROUP TO PROCURE
CONSENTED PUBLIC SALE PURSUANT TO 11 U.S.C. §§327, 328 AND 330**

THIS CASE came on for consideration without hearing on the Trustee's Application to Retain BK Global Real Estate Services and Hunt Realty Group to Procure Consented Public Sale Pursuant to 11 U.S.C. § 327, 328 (Doc. No. 12) filed on March 20, 2019. The Court concludes that BK Global Real Estate Services ("**BKRES**") and Hunt Realty Group ("**Listing Agent**") do not hold or represent an interest adverse to the estate and are disinterested persons within the meaning of Section 101(14) of the Bankruptcy Code. The court further concludes that BKRES and Listing Agent are qualified to represent the Trustee and that the Court's authorization of their employment is in the best interest of the estate. Accordingly, it is:

**ORDERED:**

1. The Application is approved.

2. Defined terms not otherwise defined herein have the meanings given to them in the Application and the Affidavit.

3. The Trustee is authorized to retain and compensate BKRES and local licensed Listing Agent to provide the necessary professional assistance and representation required by the Trustee to fulfill the Trustee's duties pursuant to 11 U.S.C. § 704 in order to procure Secured Creditor's Consent, and otherwise market and sell the Property, in Debtor's Chapter 7 case pursuant to Sections 327, 328(a) and 330 of the Bankruptcy Code, and Bankruptcy Rules 2014 and 2016, in accordance with the terms and conditions set forth in the BKRES Agreement, the Listing Agreement and this Order.  BKRES and Listing Agent shall not split or otherwise share their fees with any other person or entity.

4. BKRES and Listing Agent are disinterested persons within the meaning of Bankruptcy Code Section 101(14).

5. BKRES and Listing Agent shall be compensated in accordance with the BKRES Agreement and Listing Agreement, respectively, and such compensation shall not hereafter be subject to challenge except under the standard of review set forth in Section 330 of the Bankruptcy Code.

6. BKRES and Listing Agent shall be authorized to receive and retain their fees from Secured Creditor at the successful closing of the sale of the Property without necessity of further order of the Court.  The estate shall, in no circumstance, be obligated to compensate BKRES or Listing Agent in such event and BKRES and Listing Agent shall not have a claim against the estate for any unpaid amounts.  BKRES and Listing Agent, and anyone claiming by, through or under either of them, shall only have recourse for recovering its fee to Secured Creditor.  The estate shall have no liability for any such claim.

7. Trustee is hereby authorized to engage Brokers BKRES and Listing Agent to provide reasonable and necessary property preservation, maintenance, and upkeep services to the subject estate Property to facilitate the sale of the Property for the benefit of the Secured Creditor(s) and bankruptcy estate, and to reimburse the Brokers in a maximum amount not to exceed $500.00 for the approved reasonable, necessary costs and expenses of preserving, or disposing of, the subject Property, without the need for further Order.

8. Notice of the Application was adequate and proper.

9. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

Trustee Christine L. Herendeen is directed to serve a copy of this order on interested parties and file a proof of service within 3 days of entry of the order.